IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVANSTON INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>  v.<br><br>HONSO USA, INC., ROBERT HORAN, and JIPU "DAN" WEN,<br><br>    Defendants.<br>                                                           / | No. C 10-05596 WHA<br><br>**ORDER DENYING DEFENDANT WEN'S MOTION TO DISMISS AND VACATING MOTION HEARING** |

## INTRODUCTION

Defendant Jipu "Dan" Wen, proceeding *pro se*, moves to dismiss the complaint. He argues that dismissal is warranted: (1) for plaintiff's failure to name an indispensable party, (2) for lack of sufficient amount in controversy, and (3) for lack of personal jurisdiction. For the reasons stated below, defendant Wen's motion is **DENIED**.

## STATEMENT

This declaratory judgment action was filed by plaintiff Evanston Insurance Company on December 9, 2010. Jurisdiction is based on diversity of the parties.

This action concerns an underlying putative consumer class action captioned *Robert Horan v. Honso Pharmaceutical Co., Ltd., et al.*, Case No. CIV091978, presently pending in the California Superior Court in Marin County. The defendants in *our* action include the sole named plaintiff in the underlying case, Robert Horan, and two of many defendants in the underlying case.

It is alleged in the *Horan* action that Robert Horan is a California resident who purchased Honso's product, an herbal dietary supplement called "Sho-saiko-to," and that the product was not accurately represented. On behalf of himself and a class of others similarly situated, Horan claims violation of the California Business and Professions Code, Civil Code, and Health and Safety Code. The *Horan* complaint was filed on April 22, 2009 (Compl. Exh. 3).

By letter dated June 22, 2009, Evanston denied coverage to defendants Wen and Honso USA, Inc. for the *Horan* action because it does not bring claims for bodily injury, property damage, personal injury, or advertising injury, for which coverage is provided, as defined in the Evanston policy. Evanston also advised Honso and Wen that it would appoint counsel to defend them in the *Horan* action solely as a business accommodation until such time as the state court decided a motion to quash service on the defendants that was then pending (Suben Decl. Exh. A).

On July 12, 2010, the state court denied the motion to quash as to Wen, specifically holding as follows:

> The court finds that Wen has sufficient minimum contacts to justify this court's exercise of jurisdiction over him. Plaintiff offers sufficient evidence to show that Wen actively and directly participated in the allegedly unfair business practice.

(*Id.* Exh. B (capitals omitted)). Evanston thereafter reiterated to Honso and Wen that this ruling terminated the agreement to defend them in the *Horan* action, but given the dispute that was apparent between the parties concerning coverage, Evanston consented to continuing to pay defense counsel for Wen and Honso while reserving its rights to seek a judicial determination of coverage and reimbursement (*Id.* Exh. C).

In this action, plaintiff seeks a declaration that it is not obligated to defend Honso and Wen in the *Horan* action in state court because there is no possibility of a covered claim inasmuch as the *Horan* complaint does not state a claim for bodily injury, property damage, personal injury, or advertising injury, as defined by the Evanston policy. All defendants appear to have been served, but only defendant Wen has appeared. Defendant Wen now moves *pro se* to dismiss this action against him on the grounds that (1) plaintiff has failed to name *Horan*-action plaintiff's counsel as an indispensable party, (2) the complaint does not present a sufficient amount in controversy, and (3) this Court lacks personal jurisdiction over him.

2

**ANALYSIS**

**A.   FAILURE TO NAME AN INDISPENSABLE PARTY**

A party making a Rule 12(b)(7) motion to dismiss for failure to join a party under Rule 19 bears the burden of demonstrating that dismissal is appropriate. *See Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990). Rule 19 provides separate tests for determining whether a party is necessary and indispensable. Both tests must be satisfied before a suit may be dismissed for nonjoinder of an absent party. In assessing whether the tests have been met, the court's inquiry should be both fact-specific and practical. *See Provident Tradesmen Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118–19 (1968). The inquiry is designed to avoid the harsh results of rigid application. *See Eldredge v. Carpenters 46 N. Cal. Cntys. Joint Apprenticeship & Training Comm.*, 662 F.2d 534, 537 (9th Cir. 1981).

Rule 19(a) contains the "necessary party" test, which itself is comprised of two prongs. The first prong states that a party must be joined if "in that person's absence, the court cannot accord complete relief among existing parties." If this prong is not met, a party may still be deemed necessary if the second prong is met. That prong requires joining a party if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of interest."

A finding that a party is necessary does not end the inquiry. The party must also pass the "indispensable party" test contained in Rule 19(b). Absent a necessary party, the court must decide whether, "in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Relevant factors to this determination include: (i) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties, (ii) the extent to which any prejudice could be lessened or avoided, (iii) whether a judgment rendered in the person's absence would be adequate, and (iv) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

3

In our case, defendant Wen argues that the law firm representing plaintiff in the *Horan* action must be joined as a necessary party.

The complaint names Robert Horan, plaintiff in the underlying action, as a defendant herein, and alleges that Horan is a necessary or otherwise proper party in this action, because he may seek benefits under the policy at issue. Defendant Wen agrees. He states that plaintiff properly named Horan as a defendant herein, but argues that in addition plaintiff's counsel in the *Horan* action, Ropers, Majeski, Kohn & Bentley, is also a necessary and indispensable party. Wen argues that just like Horan, his counsel "may seek benefits under the Policy issued to Honso" (Br. 4). Yet Wen intimates no legal basis on which plaintiff's counsel in the *Horan* action would be entitled to such benefits. Wen argues that *counsel* are seeking vast damages in the underlying suit, but neglects the fact that they are seeking such damages *on behalf of Horan*, who is already named as a defendant here. It is unclear how counsel's "financial interests will be affected by the declaratory judgment sought in this Court" (Br. 5).

Defendant Wen has not carried his burden to show that Ropers, Majeski, Kohn & Bentley is a necessary and indispensable party such that failure to join it requires dismissal. His motion on this basis is accordingly **DENIED**.

**B.    AMOUNT-IN-CONTROVERSY REQUIREMENT**

Pursuant to 28 U.S.C. 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Defendant Wen does not dispute that the parties to this action are citizens of different states (Br. 6). As a result, diversity jurisdiction exists if plaintiff has met the amount-in-controversy requirement. The amount in controversy is generally determined by the amount claimed in the complaint, and this amount controls if the complaint was made in good faith. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938). Nonetheless, a district court may be justified in dismissing the action where it appears to a legal certainty that the actual claim is less than the jurisdictional amount. *See Lowdermilk v. U.S. Bank Nat'l Ass'n,* 479 F.3d 994, 999 (9th Cir. 2007).

4

A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence. *See Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). This order must consider the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).

In our case, defendant Wen primarily makes a facial attack, by stating that the "bare assertion" in the complaint that the amount in controversy exceeds $75,000 is insufficient. Yet defendant Wen provides no further argument in support. In fact, the complaint appends and incorporates the policy at issue, which contains a "per occurrence" limit of liability of $1 million and a policy aggregate limit of $2 million (Compl. Exh. 2). Therefore, defendant has not established to a legal certainty that the allegations in the complaint cannot meet the amount-in-controversy requirement.

Defendant Wen's brief also states that he "challenges the accuracy of [the complaint's] bare assertion" that the amount in controversy exceeds $75,000 (Br. 6–7). Yet defendant Wen presents *no facts* — either asserted or demonstrated through evidence — that the amount in controversy is less that the jurisdictional minimum. To the contrary, plaintiff has shown that the amount in controversy is much greater, as Evanston has already incurred $152,299.80 in defending Honso and Wen in the *Horan* action, which is not even close to completion (Suben Decl. ¶ 6). Therefore, regardless of whether this is a facial or factual challenge, defendant's motion to dismiss on this basis is **DENIED**.

C.  **PERSONAL JURISDICTION OVER DEFENDANT WEN**

"For a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'"

5

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (citation omitted). California's long-arm statute authorizes the exercise of jurisdiction on any basis not inconsistent with the state or federal Constitutions. CAL. CODE CIV. PROC. § 410.10. As such, the analysis of personal jurisdiction collapses into a single inquiry under federal due process.

Plaintiff has the burden of establishing the existence of jurisdiction, but "dismissal is appropriate only if the plaintiff has not made a prima facie showing of personal jurisdiction. In determining whether [plaintiff] has met this burden, uncontroverted allegations in [the] complaint must be taken as true, and 'conflicts between the facts . . . must be resolved in [plaintiff's] favor for purposes of deciding whether a prima facie case for personal jurisdiction exists.'" *Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996) (citations omitted).

Personal jurisdiction may be either general or specific to the allegations in the complaint. *See Schwarzenegger*, 374 F.3d at 801–02. General jurisdiction exists when the defendant has engaged in "continuous and systematic general business contacts," that "approximate physical presence" in the forum state. *Id.* at 801 (citations omitted). Specific jurisdiction exists when the suit arises out of or is related to the defendant's contacts with the forum state. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). The Ninth Circuit applies a three-prong test for analyzing claims of specific jurisdiction:

> (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice.

*Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987). The first prong of this test, referring to purposeful direction or purposeful availment, does not require physical presence in the forum state. *Ibid.*

Defendant Wen is a resident of Arizona, not California. Regardless, the California state court in the *Horan* action has already held that defendant Wen is subject to personal jurisdiction in California. The order denying defendant's motion to quash specifically stated:

6

> The court finds that Wen has sufficient minimum contacts to justify this court's exercise of jurisdiction over him. Plaintiff offers sufficient evidence to show that Wen actively and directly participated in the allegedly unfair business practice.

(Suben Decl. Exh. B (capitals omitted)). This order declines to part company with our sister court on the same issue. Not only is defendant Wen subject to specific personal jurisdiction in California due to his involvement in the business practices at issue in the underlying *Horan* suit, but, moreover, he is subject to specific personal jurisdiction in this coverage action due to his participation in the underlying suit to which *our* action pertains.

The decision of *Mass. Bay Ins. Co. v. Portland Water Dist.*, No. CIV. 99-487-M, 2000 WL 1499493 (D.N.H. May 10, 2000), is persuasive. The facts are substantially similar to those here. The court found specific jurisdiction to exist over a non-resident defendant in an insurance coverage action because the underlying suit, to which the coverage action pertained, was proceeding in a state court of the same state. There, as here, "th[e] declaratory judgment action arises directly out of [defendant's] having allegedly [violated the law] in this forum, [his] having been named as a defendant in the underlying state tort action, and [plaintiff's] desire to obtain a judicial determination of its obligations, if any, to provide [defendant] with a defense in this state and indemnify [him] for any damages [he] must pay in the pending tort action." *Id.* at *4.

The very same rationale applies here, where plaintiff's claims arise out of defendant Wen's participation in the underlying *Horan* action, and, in turn, his allegedly illegal business practices in this state that are the subject of that action. Furthermore, by virtue of his participation in *Horan*, and for the same reasons found by the state court, defendant Wen has purposely availed himself of the laws of California in connection with his activities directed at the forum and his participation in *Horan*.

Defendant Wen solely argues that finding specific personal jurisdiction "is [] unwarranted because Plaintiff's claims in this case do not relate to or arise out of any of Mr. Wen's contacts with California" (Br. 14). He fails to respond to the argument that specific jurisdiction exists because of his participation in the underlying *Horan* action, which this case wholly concerns. Because this order has found that specific personal jurisdiction exists to hail defendant Wen into this Court, this order need not determine whether general jurisdiction exists over defendant Wen.

7

United States District Court
For the Northern District of California

1   Lastly, it is also reasonable to subject defendant Wen to jurisdiction in this forum.

2   Defendant Wen argues that assertion of jurisdiction over him in this Court would be
3   unreasonable. *First*, he argues that "there were no 'substantial consequences' related to Mr.
4   Wen's conduct," because plaintiff names him as a defendant due to "his current and former work
5   with Honso USA" (Br. 15). The first part of this statement is irrelevant to the current inquiry.
6   The second part of this statement is incorrect, as plaintiff names him as a defendant, according to
7   the complaint, for failure to pay his own defense costs in the *Horan* action. *Second*, defendant
8   Wen argues that it would be burdensome, costly, and inconvenient for him to defend himself in
9   California, as he does not reside here and as Honso witnesses and records are in Arizona (*ibid.*;
10  Reply 5). It is irrelevant that Honso witnesses and records are in Arizona, because this action
11  concerns insurance coverage, as opposed to the merits of the claims being asserted in state court.

12  This order finds that the exercise of jurisdiction over defendant Wen is reasonable and
13  does not offend traditional notions of fair play and substantial justice. The burden imposed on
14  defendant Wen by requiring him to appear in this forum is minimal in light of the fact that he is
15  already appearing in the *Horan* action in Marin County Superior Court. The State of California
16  also has an interest in this action, as defendant Wen is alleged to have violated state law and has
17  demanded that Evanston provide him with a defense against such allegations. California
18  therefore has an interest in seeing a prompt resolution to the insurance coverage issues relating to
19  the state court suit. It is both logical and efficient for the parties herein to litigate the coverage
20  action in the same state as the underlying *Horan* action. In addition, it appears that defendant
21  Wen is receiving assistance in our action from a California attorney, though that attorney is not
22  counsel of record (Suben Decl. Exh. D).

23  Therefore, despite the fact that defendant Wen is defending *pro se* and resides in Arizona,
24  subjecting him to personal jurisdiction in this Court is both proper and not unreasonable.

## CONCLUSION

26  For the foregoing reasons, defendant Wen's motion is **DENIED**. The motion hearing on

8

April 14, 2011, is **VACATED**. The case management conference on April 14 at 3:00 p.m. will go forward as scheduled.

**IT IS SO ORDERED.**

Dated: April 11, 2011.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE